IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-13-117 |
| JIMILE WILLIAMS, | * | |
| Defendant. | * | |

**MEMORANDUM**

Jimile Williams is serving a 219-month sentence in federal prison for Hobbs Act Robbery and possessing and brandishing a firearm in furtherance of a crime of violence. He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.     Background**

On October 27, 2012, Williams and his co-defendant Lydell Pittman robbed a Cricket store in Baltimore, Maryland. ECF 77, at 6. They pointed a handgun at the clerk's face and took approximately $400. *Id.* The same day, they robbed a Dry Clean Direct store in Baltimore, and again, they pointed a handgun at the clerk's face and took approximately $835. *Id.* On November 16, 2012, they robbed a Windsor Express store in Baltimore. *Id.* They pointed a gun at an employee, ordered him "to get down or he would die," and stole $14,000. *Id.*; *see* ECF 63.

On December 19, 2014, Williams pled guilty to Counts One and Two of the Superseding Indictment, which charged him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). ECF 5, 62. On May 15, 2015, Williams was sentenced to 135 months' imprisonment on Count One and a consecutive term of 84 months' imprisonment on Count Two, for a total term of 219 months' imprisonment, followed by three years of supervised release. ECF 78.

On April 21, 2023, Williams filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because he has a heart murmur, an irregular heartbeat, and second-degree heart block. ECF 120. The Federal Public Defender declined representation. ECF 123.

Because Williams has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

## II.    Discussion

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

### A.  Extraordinary and Compelling Reasons

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death

from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Williams argues his heart conditions are extraordinary and compelling reasons for a reduction in his sentence. Williams has a heart murmur, irregular heartbeat, and second-degree heart block, and he says they cause lightheadedness, difficulty breathing, and high blood pressure. ECF 120, at 5. He states that the pandemic "makes matters worse." *Id.* However, Williams does not assert—let alone provide any evidence—that the Bureau of Prisons cannot provide the necessary treatment for his medical conditions, that he cannot care for himself in prison due to the conditions, or that his life is threatened because of his conditions. Williams has submitted some

3

medical records in support of his request. None helps his case. Some of them show he has the heart conditions he says he has. *See* ECF 120-2, at 3–9, 13–21. Yet they also show his heart conditions are manageable and not life-threatening. For example, an April 8, 2019 medical record shows Williams has "2nd degree [atrioventricular] block, murmur, and weakness." *Id.* at 5. The same record shows that his "cardiac silhouette [was] normal, his "[m]ediastinal and hilar contours [were] unremarkable," his "[l]ungs and pleural spaces [were] clear," his "[t]horacic muscoskeletal structures [were] age appropriate," and there was "[n]o radiographic evidence for an acute cardiopulmonary process." *Id.* Four years earlier, in December 2015—after Williams had been diagnosed with second-degree heart block—he complained of dizziness and trouble breathing, yet the healthcare provider noted that Williams "was observed walking briskly from his unit to health services without distress" and he had "nasal congestion causing him to have trouble breathing out his nose." ECF 120-2, at 16–18. Williams has not submitted any more recent medical records. None of the records Williams has submitted indicates he has a terminal illness or a serious physical condition that substantially and permanently diminished his ability to care for himself or requires long-term or specialized medical care that the prison is not providing. Williams's health conditions do not warrant a reduction in his sentence.

Williams has not shown an extraordinary and compelling reason for compassionate release.

**B.  Section 3553(a) Factors**

Even if Williams had identified an extraordinary and compelling reason for a sentence reduction, the Court would have to consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The violent nature of Williams's crimes—three Hobbs Act robberies in which he and his co-defendant robbed store employees at gunpoint—convince the Court that Williams poses a danger to the community. His criminal history shows a propensity for unlawful

gun possession. In his early to mid-20s, Williams was convicted of unlawful possession of firearms, possession of a firearm with a felony conviction, and failure to register as a gun offender. ECF 77, at 10–15. These factors weigh against a sentence reduction. The Court denies Williams's motion for compassionate release.

### III.    Conclusion

Because Williams has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

<u>January 16, 2025</u>
Date

                                        Deborah L. Boardman
                                        United States District Judge